UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THYSSENKRUPP MATERIALS, LLC,

    Plaintiff,

v.

TRIUMPH GROUP, INC., *et al.*,

    Defendant

    Case No. 20-cv-11087
    Hon. Matthew F. Leitman

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL (ECF No. 33)

This case concerns an arbitral award issued in favor of Plaintiff thyssenkrupp Materials, LLC ("TK") and against Defendants Triumph Group, Inc. and Triumph Aerostructures, LLC (collectively "Triumph"). On January 26, 2022, this Court entered an Order (1) denying Triumph's motion to vacate that award; and (2) granting TK's motion to confirm the award. (*See* Order, ECF No. 27.) The Court then entered a Judgment in favor of TK and against Triumph in the amount of $2,886,918.67, plus pre- and post-judgment interest and costs. (*See* Judgment, ECF No. 28.) Triumph thereafter filed a Notice of Appeal of this Court's Order and Judgment on February 25, 2022. (*See* Notice of Appeal, ECF No. 31.)

On February 28, 2022, Triumph moved to stay execution of this Court's Judgment without posting a bond pursuant to Federal Rule of Civil Procedure 62(b).

1

(*See* Mot., ECF No. 33.)  Triumph contends that the Court should not require a bond because Triumph's "ability to pay the Judgment is plain[.]" (*See id.*, PageID.1206.) In support, Triumph filed its Form 10-Q disclosure to the Securities and Exchange Commission. (*See* Triumph 10-Q, ECF No. 33-1.)  Triumph contends that the form shows that, as of December 31, 2021, Triumph had $1.75 billion in assets (including $206 million in cash assets) and over $1 billion in revenue for the preceding nine months. (*See* Mot., ECF No. 33, PageID.1205.)  TK filed a response in opposition to Triumph's motion on March 14, 2022 (*see* Resp., ECF No. 34), and Triumph replied on March 21, 2022. (*See* Reply, ECF No. 36.)  For the reasons provided below, the Court will **GRANT** Triumph's motion (ECF No. 33).

Under Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  Rule 62(b) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir.2003).  However, Rule 62(b) is not "the only way to obtain a stay." *Id.* (quoting *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)).  A court may also grant a stay of a judgment, without requiring a Rule 62(b) bond, "in accordance with its discretion." *Id.*  One instance where such a discretionary stay may be appropriate, and indeed where requiring a bond may be "inappropriate," is where the movant's "ability to pay the judgment is so plain that

2

the cost of the bond would be a waste of money." *See Arban*, 345 F.3d at 409 (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir.1986)).

The Court concludes that granting a stay without requiring a bond is appropriate here. Triumph's Form 10-Q shows that its annual revenues (over $1 billion) far exceed the judgment here (roughly $3 million). In *Arban*, the Sixth Circuit found that comparable financial circumstances justified granting a stay without requiring a bond. *See Arban*, 345 F.3d at 409 ("In light of the vast disparity between the amount of the judgment in this case [roughly $225k] and the annual revenue of the group of which [movant] is a part [$2.5 billion], the district court's decision to grant a stay without a bond was not an abuse of discretion."). Moreover, Triumph's Form 10-Q show that it has cash assets over $200 million. This provides additional assurance that Triumph has readily available assets to satisfy the judgment. Given the "vast disparity" between Triumph's financial resources and the judgment, *Arban*, 345 F.3d at 409, the Court is satisfied that Triumph has the ability to promptly satisfy the judgment should it lose on appeal.

TK attempts to distinguish this case from *Arban*. TK notes (correctly) that, compared to *Arban*, (1) Triumph's annual revenues here are smaller; (2) the judgment here is larger; and thus (3) the disparity between annual revenues and judgment is smaller. (*See* Resp., ECF No. 35, PageID.1232.) However, these

distinctions do not require a different result here than in *Arban*. Triumph's annual revenues are still $1 billion greater than, and 300 times larger than, the judgment here. And Triumph has evidence of collectability not present in *Arban*. Unlike the defendant in that case, Triumph offered evidence that its cash assets alone also far exceed the judgment. Triumph's showing is at least comparable to, if not stronger than, the one made by the defendant in *Arban*. Likewise, Triumph's showing distinguishes this case from the other authority TK attempts to rely on. *See Murphy v. Vaive Wood Prod. Co.*, 2019 WL 10888762 (E.D. Mich. Nov. 22, 2019) (cited by TK in Resp., ECF No. 35, PageID.1233) (denying stay without bond where movant with less than $2.5 million in annual revenues "fail[ed] to demonstrate its liquidity and true ability to pay"); *Allied Erecting & Dismantling Co. v. United States Steel Corp.*, 2016 WL 1106854 (N.D. Ohio Mar. 21, 2016) (denying stay without bond due, in part, to movant's "weak and deteriorating financial condition, and [movant's] lack of substantial annual revenues").[1]

---

[1] The *Allied Erecting* case also rested, in part, on that court's recognition that "courts in [the Northern District of Ohio] generally decline to" grant stays without requiring a bond "even where a party clearly has the ability to pay." *Allied Erecting*, 2016 WL 1106854, at *15. However, courts in this District do not appear to apply a similar general rule. *See Contract Design Group, Inc. v. Wayne State Univ.*, 2014 WL 5360055, at *3 -4 (E.D. Mich. Oct. 20, 2014) (granting stay without bond of a $1.3 million judgment where movant had roughly $184 million in unrestricted funds available to satisfy the judgment). In light of the Sixth Circuit's recognition in *Arban* that requiring a bond may be "inappropriate" where the movant's ability to pay is sufficiently plain, *Arban*, 345 F.3d at 409, the Court declines to adopt a general rule requiring a bond regardless of the movant's financial condition.

4

TK next counters that Triumph's Form 10-Q depicts operating losses and decreases in cash reserves over certain recent periods that belie Triumph's ability to satisfy the judgment. (*See* Resp., ECF No. 35, PageID.1230–1232.) The Court is not persuaded. Notwithstanding individual line items from Triumph's Form 10-Q, that form reflects that Triumph has substantial annual revenues and cash assets that far exceed the judgment amount.

TK further argues that the Court should not rely upon Triumph's Form 10-Q because it is unverified and unaudited. (*See* Resp., ECF No. 35, PageID.1230.) However, as Triumph notes, the Form 10-Q is certified to be accurate. (*See* Reply, ECF No. 36, PageID.1244.) Indeed, TK has not identified any reason to believe Triumph's financial condition is worse than is depicted in its Form 10-Q. Thus, the fact that the Form 10-Q is unverified and unaudited does not, by itself, persuade the Court that the Form's depiction of Triumph's financial condition may be so inaccurate as to call into doubt Triumph's ability to satisfy the judgment here.

Finally, TK argues that "it would be patently unfair and contrary to any reasonable notion of equitably justice" for Triumph to retain the damages it owes under the arbitral award (and this Court's judgment) in light of TK's compliance with its portion of the arbitral award. (Resp., ECF No. 35, PageID.1236–1237.) However, the judgment here will continue to accrue interest pending Triumph's appeal. This interest compensates TK, and imposes additional costs on Triumph, for

5

any delay in satisfaction of this Court's judgment caused by Triumph's appeal. *See Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) (noting one purpose of the Rule 62(b) bond requirement is to "provide[] compensation for those injuries which can be said to be the natural and proximate result of the stay.") (internal quotations and citations omitted). Accordingly, the Court is not persuaded that TK's concern warrants a bond in this case.

For all the reasons set forth above, the Court concludes that a bond is not warranted or appropriate in this case. Triumph's motion for a stay without a bond (ECF No. 33) is therefore **GRANTED**, and the Court **STAYS** the execution of its judgment pending the issuance of the mandate by the Sixth Circuit in Triumph's appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126